UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEWAYNE SPAN, #269797,

      Petitioner,

v.                                CASE NO. 11-CV-13816
                                  HONORABLE NANCY G. EDMUNDS

THOMAS BELL,

      Respondent.
_____/

**OPINION AND ORDER DISMISSING DUPLICATIVE HABEAS CASE,
DENYING A CERTIFICATE OF APPEALABILITY, AND
DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

      This is a habeas case brought pursuant to 28 U.S.C. § 2254. Michigan prisoner DeWayne Span ("Petitioner") challenges his convictions and sentences for second-degree murder, felon in possession of a firearm, and possession of a firearm during the commission of a felony which were imposed following a jury trial in the Wayne County Circuit Court in 2005.

      Petitioner has already filed a habeas action challenging the same convictions with this Court, which is pending before another district judge. *See Span v. Bell*, Case No. 10-CV-13835 (Borman, J.). Accordingly, the instant action must be dismissed as duplicative. A suit is duplicative, and subject to dismissal, if the claims, parties, and available relief do not significantly differ between the two actions. *See, e.g., Barapind v. Reno*, 72 F. Supp. 2d 1132, 1145 (E.D. Cal. 1999) (internal citations omitted). Such is the case here. In fact,

1

it appears that Petitioner was attempting to file the instant pleadings as an amended petition, but the documents were filed as a new case. In any event, because Petitioner challenges the same convictions in both petitions and raises similar claims, the Court will dismiss this second action as duplicative. *See Harrington v. Stegall,* 2002 WL 373113, *2 (E.D. Mich. Feb. 28, 2002); *Colon v. Smith*, 2000 WL 760711, *1, n. 1 (E.D. Mich. May 8, 2000); *see also Davis v. United States Parole Comm'n*, 870 F.2d 657, 1989 WL 25837, *1 (6th Cir. March 7, 1989) (court may dismiss habeas case as duplicative of pending case when the second petition is essentially the same as the first).

Accordingly, the Court **DISMISSES** the instant case as duplicative. This dismissal is without prejudice to the habeas petition filed in Case No. 10-CV-13835. The Court further **DIRECTS** the Clerk's Office to re-file the pleadings submitted for this case in Case No. 10-CV-13835. This case is closed.

Before Petitioner may appeal this decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies a habeas claim on procedural grounds without addressing the merits, a certificate of appealability should issue if reasonable jurists would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and reasonable jurists would find it debatable whether the court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Reasonable jurists could not debate the correctness of the Court's procedural ruling. Accordingly, the Court **DENIES** a certificate of appealability. The Court also

**DENIES** leave to proceed *in forma pauperis* on appeal as any appeal would be frivolous and cannot be take in good faith.  *See* Fed. R. App. P. 24(a).

**IT IS SO ORDERED**.


s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated:  September 13, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 13, 2011, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager